# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 16, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| KAREN GREEN, | * | |
| | * | No. 15-1447V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Petitioner's |
| AND HUMAN SERVICES, | * | Costs; Special Master's Discretion; |
| | * | Adjustment of Expert's Hourly Rate. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

<u>Marvin Firestone</u>, Marvin Firestone JD, MD, and Associates, San Mateo, CA, for petitioner.
<u>Althea Davis</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 1, 2015, Karen Green ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2]  Petitioner received the tetanus-diphtheria-acellular pertussis ("TDaP") vaccination on or about June 19, 2014.  Petitioner alleges that following her TDaP vaccination, she suffered a shoulder injury related to vaccine administration ("SIRVA") and that she suffered the residual effects of this injury for more than six months.  On August 3, 2017, the parties filed a stipulation recommending that compensation be awarded to petitioner, which I approved on the same day. Stipulation Decision (ECF No. 44).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2)  that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  <u>Id.</u>  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  <u>Id.</u>

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 9, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 49). Petitioner requests $20,848.88 in attorneys' fees and $14,512.10 in attorneys' costs,[3] coming to a total of $35,360.98 in attorneys' fees and costs. Id. at 1, 11-29. Petitioner also requests to be personally reimbursed for costs she incurred during the prosecution of this claim, in the amount of $550. Id. at 1, 16, 28, 30. Pursuant to General Order #9, petitioner submitted her signed statement delineating which costs she personally incurred. Id. at 30.

On November 15, 2017, respondent filed a response. Respondent's Response (ECF No. 50). Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. Id. at 2. Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs. Id. at 3. This matter is now ripe for adjudication.

## I.   Applicable Legal Standards

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation, therefore, she is entitled to an award of reasonable attorneys' fees and costs.

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. Id. at 1347-58 (citing Blum v. Stenson, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Under the Vaccine Act, an attorney's "reasonable" hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the court sits – in this instance, the District of Columbia - unless the attorney performed the bulk of his or her work outside of the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

---

[3] The motion breaks these costs out as $3,612.10 in attorneys' costs, $10,600 in expert fees, and $300 in fees from a care provider. Id. at 1.

In 2015, I authored an extensive decision setting "reasonable" hourly rates for in-forum work on Vaccine Program claims. McCulloch v. Sec'y of Health & Human Servs., No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). My decision in McCulloch has been endorsed by all special masters and it guides all determinations of reasonable hourly rates for all attorneys within the forum. The Office of Special Masters has updated the rates in McCulloch to account for inflation in subsequent years.[4] Under McCulloch and the fee schedules, the special master first determines how many years the attorney had been practicing law, in the year in which he performed certain work. Attorneys with a certain amount of experience may receive rates within a certain range. An attorney's specific rate within that range depends on his or her general legal experience; specific experience practicing in the Vaccine Program; quality of work performed in this and other vaccine cases; and reputation in the legal community and in the larger community.

A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. The special master may reduce a request sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner herself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced sua sponte and based on the special master's experience and discretion.

## II.    Reasonable Attorneys' Fees

This is the first motion for attorneys' fees and costs I have received from the Firestone firm. The firm has been consistently found entitled to forum rates for the Vaccine Program. See, e.g., D'Tiole v. Sec'y of Health & Human Servs., No. 15-85V, 2017 WL 5379195 (Fed. Cl. Spec. Mstr. Sept. 19, 2017); Elliott v. Sec'y of Health & Human Servs., No. 14-662V, 2016 WL 6694970 (Fed. Cl. Spec. Mstr. Oct. 18, 2016); Stanford v. Sec'y of Health & Human Servs., No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 16, 2016). I do not find any reason to diverge from this past reasoning.

---

[4] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed November 16, 2017).

The next step is to assess the requested hourly rates, set forth below.[5]

|  | 2015 | 2016 | 2017 |
|---|---|---|---|
| **Michael A. Firestone**, JD, MBA | $260 | $269.62 | $279.60 |
| **Patricia Barrick**, Nurse Paralegal | $165 | $171.11 | $177.44 |

As detailed in his affidavit, Mr. Michael Firestone obtained his JD/ MBA in 2011. Petitioner's Motion at 3-5. He has been licensed as an attorney in the state of California since 2012. Other special masters have approved his requested hourly rate of $260 for work performed in 2015. See, e.g., D'Tiole, 2017 WL 5379195, at *3; Stanford, 2016 WL 3176599, at *2. I agree with their reasoning and adopt it in this case.

Petitioner requests increased rates for work performed by Mr. Michael Firestone in 2016 and 2017. I find that it is reasonable to request increased rates as an attorney gains additional experience and skill over time. Additionally, the increased rates for 2016 and 2017 remain within the proper range for attorneys like Mr. Firestone who have 4-7 years of experience in practice. Thus, I approve the requested rates.

Petitioner also seeks fees for work performed by Patricia Barrick, who has been a registered nurse for over 40 years and a paralegal for over 30 years. Petitioner's Motion at 9. The hourly rates requested for Ms. Barrick's work exceed the McCulloch range for paralegals. Special Master Corcoran recently lowered Ms. Barrick's rate to the upper end of the McCulloch range. D'Tiole, 2017 WL 5379195, at *4. However, Chief Special Master Dorsey previously found that the requested rates were reasonable "based upon Ms. Barrick's experience and credentials." Elliott, 2016 WL 6694970, at *2, n. 5. The training and experience of a registered nurse bring significant added value to the role of a paralegal in the medically complex cases in the Vaccine Program. I agree that Ms. Barrick's experience and credentials exceed those of the paralegals contemplated in McCulloch, thus, it is reasonable to award her higher rates. I approve the rates requested here.

Based on my experience and my review of the documentation submitted, the work performed on the case appears reasonable. The documentation adequately identifies the individual performing each task, the nature of the task, and how long it took to perform. There are no issues such as attorneys billing for paralegal or administrative work; significant block billing; or vague entries. Thus, I approve the requested attorneys' fees without adjustment.

---

[5] The attorney of record on this case is Marvin H. Firestone, the name partner of the firm. However, a review of the motion for attorneys' fees and costs indicates that he did not enter any time on the case.

### III.    Reasonable Costs

#### a.   Attorneys' Costs

Petitioner requests $14,512.10 in attorneys' costs for the Firestone firm.  These costs include $612.10 for postage and copying costs.  Petitioner's Motion at 11, 28.[6]  They also include $300 paid to one of petitioner's treating physicians, in exchange for the time he spent writing a letter in support of petitioner's claim.  Id. at 16; see also Petitioner's Exhibit 28.  I find that these costs are reasonable and should be awarded.

The remaining attorneys' costs are for paying an expert.  These require more attention.  Like attorneys' fees, reasonable expert fees are for determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).  To determine an expert's reasonable hourly rate, the special master typically considers factors similar to those considered for an attorney, including the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area."  Sabella, 86 Fed. Cl. at 206 (internal citations omitted).  "Petitioner has the burden of providing the foregoing information concerning expert fees."  Id.

Even in consideration of these factors, special masters have declined to award more than $500 an hour to expert witnesses in the Vaccine Program.  Less than a year ago, Chief Special Master Dorsey confirmed that this is the current maximum rate and it is awarded "rare[ly]."  Rosof v. Sec'y of Health & Human Servs., No. 14-766v, 2017 WL 1649802 (Fed. Cl. Spec. Mstr. March 31, 2017).  In Rosof, Dr. Laurence Steinman requested that his rate be increased to $550.00.  Chief Special Master Dorsey recognized that Dr. Steinman was an "accomplished neurologist, researcher, and professor" at Stanford University and "a qualified expert witness" who had participated in numerous Vaccine Program cases.  However, she awarded Dr. Steinman $500 an hour, and noted even that rate is rare.

In this case, petitioner's counsel seeks $13,600 in costs to Dr. John G. Costouros.  Petitioner's Motion at 13-14.  Dr. Costouros charged a flat fee of $1,000 for an independent medical exam.  He then charged $800 an hour for 15.75 hours of reviewing medical records, conferring with counsel, and preparing a report.  The motion for attorneys' fees and costs does not include any information in support of the expert's costs.  Upon review, I confirmed that petitioner filed Dr. Costouros's expert report, the medical literature cited therein, and his curriculum vitae in February 2017.  See Exhibits 32-43 (ECF No. 36).  Dr. Costouros's expert report was thorough and well-written.  After the expert report was filed, the parties reached an informal resolution and compensation was awarded to petitioner.  Dr. Costouros's curriculum vitae indicates that he is a board-certified, practicing orthopedic surgeon and professor of medicine at Stanford University.  He focuses on the comprehensive treatment of shoulder

---

[6] The first page of petitioner's motion provides that the attorneys' fees include "court filing fees."  However, the supporting documentation does not show that counsel paid any court filing fees and in fact, petitioner paid the filing fee to the United States Court of Federal Claims.  Petitioner's Motion at 11, 28.

disorders.  He completed various internships, residencies, and fellowships related to that focus.
He has also authored numerous articles on shoulder injuries and their treatment.

After considering Dr. Costouros's credentials, his experience, the quality of his work, and
his experience to date in the Vaccine Program, I find it reasonable to award Dr. Costouros an
hourly rate of $500.  This represents 62.5% of the requested rate.  The same adjustment will be
made to the retainer and the flat fee for the independent medical exam and report, based on the
same reasoning.

### b.  Petitioner's Costs

Petitioner asks to be personally reimbursed for $550 in costs.  These are for filing the
petition with the United States Court of Federal Claims and for part of the payment to the
physician who wrote a letter detailing his treatment of her.  Petitioner's Motion at 1, 16, 28, 30.  I
find that these costs are reasonable and should be awarded.

### IV.  Conclusion

In accordance with the above, I find that petitioner is entitled to the following reasonable
attorneys' fees and costs:

| | | |
|---|---|---|
| ***Total Attorneys' Fees*** | | **$20,848.88** |
| | | |
| *Postage and Copying Costs* | | $   612.10 |
| *Treating Physician Payment* | | $   300.00 |
| *Expert Costs* | *$13,600 x 62.5% =* | $ 8,500.00 |
| ***Total Attorneys' Costs*** | | ***$ 9,412.10*** |
| **Total Attorneys' Fees and Costs** | | **$30,260.98** |
| | | |
| **Total Petitioner's Costs** | | **$550** |

I hereby award the following:

1) **A lump sum in the amount of $30,260.98, representing reimbursement for
   attorneys' fees and costs, in the form of a check payable jointly to petitioner and
   her counsel, Marvin Firestone of Marvin Firestone, MD, JD and Associates.[7]**

2) **A lump sum in the amount of $550, representing reimbursement for out-of-
   pocket costs, in the form of a check made payable to petitioner.**

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by
an attorney against the petitioner, "advanced costs," and fees for legal services rendered.  Furthermore, Section
15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the
amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[8]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties separately or jointly filing notice renouncing their right to seek review.